UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GRACE McDANIEL,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES, et al.,<br><br>Defendants. | No. 2:15-cv-2627-KJM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1    matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
2    *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
3    of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of
4    subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
5    *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6       Plaintiff brings this action under 42 U.S.C. § 1983 against the United States of America;
7    the University of California, Davis (UCD); UCD Chancellor Linda Katehi; Janet Napolitano,
8    President of the University of California; the UCD Police Department; UCD Police Officer Arias;
9    and the City of Davis.  ECF No. 1.  The complaint consists largely of disjointed allegations
10   concerning unrelated events that occurred between April 2012 and August 2015.  *Id*. at 3-9.
11   Plaintiff claims that in August 2015, she was illegally stopped and harassed by officer Arias, who
12   yelled aggressively at her to "get off her phone" and followed "Plaintiff for about a block." *Id*.
13   She also claims that a few days earlier a National Security Guard followed her to her home and
14   "stalked the Plaintiff as she was walking to her mother's [apartment] . . . ." *Id*.

15      The complaint also vaguely alleges numerous instances when plaintiff was subjected to
16   harassment by students attending the UCD.  For instance, plaintiff claims that she "has endured
17   for many years . . . a myriad of harassments from UCD staff and . . . students." *Id*. at 3.  The
18   harassment, which includes "loitering, littering, yelling, using profanity, [and] yelling names at
19   the Plaintiff, such as 'Psycho,'" allegedly occurs at an annual event held in Davis, California. *Id*.
20   In 2013, plaintiff was allegedly terrorized by UCD students when a "gang affiliated party broke
21   out . . . outside the door of Plaintiff's relative's [apartment]." *Id*. at 6.  She further alleges that she
22   was harassed by a UCD police officers who were "Misus[ing] their sirens." *Id*.  Plaintiff alleges
23   that she notified the Chancellor of UCD and President of the University of California of "the
24   myriad of harassment incidents that have occurred from" students and staff, but plaintiff's
25   complaints were ignored. *Id*.

26      Plaintiff's allegations are too vague and conclusory to state a federal claim.  The bulk of
27   plaintiff's claims appear to be brought pursuant to 42 U.S.C. § 1983.  To state a claim under 42
28   U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

While plaintiff's complaint makes several references to the Fourteenth Amendment, she fails to allege specific facts that support each particular violation of her rights secured by that, or any other, amendment. She also fails to identify which defendants she believes are responsible for each violation. Instead, she provides a prolix narrative of various unrelated events that she believes violated her constitutional rights. As drafted, plaintiff has failed to give each defendant fair notice of the claims asserted against them. Furthermore, given that many of the alleged events appear to be unrelated and involve different defendants, the complaint appears to violate Federal Rule of Civil Procedure 20(a)(2).[2]

Plaintiff's complaint also purports to assert causes of action for intentional infliction of emotional distress, harassment, violation of proper business ethics, and violation of the University of California's rules and regulations, all pursuant to 42 U.S.C. § 1983. ECF No. 1 at 9-11. As just noted, section 1983 "only creates a cause of action for violations of the federal 'Constitution and laws.'" *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Id*. Accordingly, plaintiff may not assert his state law claims under section 1983.[3]

---

[2] Federal Rule of Civil Procedure 20(a)(2) provides, in relevant part, that "[p]ersons . . . may be joined in one action as defendants if: (A) a right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

[3] To the extent plaintiff intended to assert separate state law claims, the court lacks jurisdiction over these claims. Plaintiff does not sufficiently allege a federal cause of action, nor does she allege diversity of the parties.

4

1	The complaint also references Title VI of the Civil Rights Act of 1964. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994). "Because Title VI is directed at programs that receive federal assistance, there is no right of action against individual employees or agents of those entities." *Aguirre v. San Leandro Police Dept.*, 2011 WL 738292, at *3 (N.D. Cal. Feb. 22, 2011). Plaintiff has failed to allege specific facts establishing these two elements and therefore has failed to state a claim under Title VI.

Moreover, the court notes that this complaint is one of several complaints plaintiff has filed in this court in which she asserts vague and general allegations of harassment over what appears to be the same harassment alleged in this action. Each of her prior cases was ultimately dismissed for failure to state a claim or as frivolous. *See McDaniel v. United States Department of Justice*, No. 2:15-cv-1664 JAM AC (E.D. Cal. Sept. 22, 2015) ("The court finds plaintiff's allegations regarding defendants' conduct are so incredible that they need not be accepted as true."); *McDaniel v. United States of America*, No. 2:15-cv-0937 MCE KJN PS (E.D. Cal. July 24, 2015) ("Because plaintiff's allegations are fanciful, delusional, implausible, and completely devoid of merit, the court finds plaintiff's claims to be so insubstantial as to not involve a federal controversy within the jurisdiction of this court."); *McDaniel v. The Secretariat*, No. 2:15-cv-0828 GEB CKD PS (E.D. Cal. July 23, 2015 ("Plaintiff fails to allege any plausible constitutional violations or violations of federal law by the named defendants which could potentially support non-frivolous claims invoking the jurisdiction of this court."); *McDaniel v. United States*, No. 2:15-cv-1113 TLN AC (E.D. Cal. June 8, 2015) (finding plaintiff's allegations "so incredible that they need not be accepted as true" and that leave to amend would be futile); *McDaniel v. Powell*, No. 2:13-cv-2653 MCE AC (E.D. Cal. June 4, 2015) ("Those that aren't time barred are described with such brevity that they could not form the basis of any claim.").

/////
/////
/////

In light of the instant complaint's jurisdictional deficiency, as well as plaintiff's history of filing deficient complaints as to her generalized claim of harassment, the court finds that granting leave to amend would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6