1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TANYA GRACE MCDANIEL,                      No.  2:15-cv-2627-KJM-EFB PS

12                  Plaintiff,

13        v.                                    ORDER

14   THE UNITED STATES, et al.,

15                  Defendants.

16

17           On June 16, 2017, the court adopted the magistrate judge's findings and

18   recommendations and dismissed the complaint with prejudice.  ECF No. 12.  The court also

19   ordered plaintiff to show cause why the court should not declare her a vexatious litigant, citing six

20   of plaintiff's cases that this court has dismissed for failure to state a claim or as frivolous within

21   the last two years.  *Id.*  Plaintiff filed a timely response to the order to show cause.  ECF No. 14.

22   Although plaintiff also filed a notice of appeal, ECF No. 15, the Ninth Circuit determined the

23   appeal was ineffective and held in abeyance the appellate proceedings until this court resolves the

24   pending order to show cause, ECF No. 18.  The court resolves the pending matter here.

25           Eastern District Local Rule 151(b) adopts California's "vexatious litigant" laws.

26   *See* L.R. 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8).  Those laws are "designed to curb

27   misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating

28   the same issues through groundless actions, waste the time and resources of the court system and

1

1    other litigants." *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011). As relevant here, the statute

2    defines "vexatious litigant" to mean a person who "[i]n the immediately preceding seven-year

3    period has commenced, prosecuted, or maintained in propria persona at least five litigations other

4    than in a small claims court that have been [] finally determined adversely to the person . . ." Cal.

5    Civ. Proc. Code § 391(b)(1). If person is declared a vexatious litigant, the court may impose a

6    pre-filing order that limits a plaintiff's ability to file any new case in propria persona. Cal. Civ.

7    Proc. Code § 391.7. If a plaintiff subject to a pre-filing order somehow files a new case in propria

8    persona without the presiding judge's permission, the case may be dismissed. *Id.* A court's

9    vexatious litigant declaration is also reported to the state Judicial Council, which maintains a list

10    of "vexatious litigants." Cal. Civ. Proc. Code § 391.7(f); *see also* Vexatious Litigant List,

11    available at http://www.courts.ca.gov/documents/vexlit.pdf (last viewed Aug. 29, 2017).

12          Here, as the magistrate judge first raised and a review of the court's docket

13    confirms, plaintiff has filed numerous cases that have been dismissed for failure to state a claim

14    or as frivolous. *See McDaniel v. United States Department of Justice*, No. 2:15-cv-1664- JAM-

15    AC (E.D. Cal. Nov. 20, 2015); *McDaniel v. United States of America*, No. 2:15-cv-0937-MCE-

16    KJN-PS (E.D. Cal. Aug. 11, 2015); *McDaniel v. The Secretariat*, No. 2:15-cv-0828-GEB CKD-

17    PS (E.D. Cal. Aug. 19, 2015); *McDaniel v. United States*, No. 2:15-cv-1113-TLN-AC (E.D. Cal.

18    Aug. 18, 2015); *McDaniel v. Powell*, No. 2:13-cv-2653 MCE AC (E.D. Cal. July 29, 2015). Each

19    of the five cases were brought within the last seven years, maintained in propria persona, and

20    finally determined against plaintiff. Cal. Civ. Proc. Code § 391(b)(1). The court's order

21    dismissing the complaint in this case adds a sixth case that fits the criteria under subsection

22    391(b)(1). *See* ECF No. 12. In her response, plaintiff does not dispute any of these findings, but

23    instead argues they do not support sanctions. ECF No. 14 at 4–5 ("Plaintiff has only been filing

24    lawsuits since Dec. 26, 2013-2017. Therefore, being only 3 ½ years does not even qualify for a

25    ruling of a vexatious litigant."). Plaintiff's argument that her lawsuits must span more than seven

26    years is contradicted by the plain language of the statute. Cal. Civ. Proc. Code § 391(b)(1)

27    (covering a litigant who commences five litigations "[i]n the immediately preceding seven-year

28    period"). Thus, there is sufficient basis to declare plaintiff a vexatious litigant.

1    After a review of plaintiff's filings and previous cases, and careful consideration of

2    the appropriate restrictions in light of plaintiff's conduct, the court makes the following rulings:

3        1.  The court DECLARES plaintiff Tanya Grace McDaniel to be a "vexatious litigant" as

4            defined under California law.

5        2.  The court ORDERS the following:

6            a.  Plaintiff Tanya Grace McDaniel shall not initiate any further action as a self-

7                represented plaintiff in this court unless the pleadings initiating the action,

8                which must be submitted in hard copy, are accompanied by a declaration under

9                penalty of perjury that explains why plaintiff believes she has meritorious

10               claims.  The declarations shall include a list of all previous actions plaintiff has

11               filed in this or any court, identifying named defendants and all claims made in

12               the previous actions.  Plaintiff shall certify that the defendants named in the

13               proposed action have never been sued by plaintiff, or alternatively that any

14               claims against previously sued defendants are not related to previous actions.

15               The declaration shall also state that the claims are not frivolous or made in bad

16               faith, and that plaintiff has conducted a reasonable investigation of the facts

17               and the investigation supporting his claim or claims. Finally, a copy of this

18               order shall be attached to any application;

19           b.  The Clerk shall not accept any action submitted by plaintiff Tanya Grace

20               McDaniel as a self-represented plaintiff unless it is accompanied by the

21               required declaration and copy of the instant order; any incomplete filings shall

22               be returned to plaintiff without further action of the court; and

23           c.  If plaintiff Tanya Grace McDaniel submits an action as a self-represented

24               plaintiff accompanied by the required declaration, the Clerk shall open the

25               matter as a miscellaneous case to be considered by the General Duty Judge of

26               this court.  The judge will issue necessary orders after making a determination

27               whether the case is in fact related to a previous case filed by plaintiff, and

28               whether it is non-frivolous.

3

3. The court INSTRUCTS the Clerk of the Court provide a copy of this Order to the state Judicial Council.

IT IS SO ORDERED.

DATED: August 29, 2017.

_____
UNITED STATES DISTRICT JUDGE