# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GRACE MCDANIEL, | No. 2:15-cv-02627-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff's motion to reconsider is before the court. On January 31, 2017, the magistrate judge recommended this action be dismissed, finding "[p]laintiff's allegations are too vague and conclusory to state a federal claim." ECF No. 5 at 3. In light of "plaintiff's history of filing deficient complaints as to her generalized claim of harassment," the magistrate judge recommended dismissal without leave to amend. *Id.* at 5-6. Plaintiff objected. ECF No. 6. On June 16, 2017, the court adopted the magistrate judge's recommendation, dismissed the case without leave to amend, entered judgment, and ordered plaintiff to show cause why the court should not declare plaintiff a vexatious litigant and impose sanctions. ECF Nos. 12, 13.

On June 28, 2017, plaintiff filed a "response and declaration," ECF No. 14, and a notice of appeal, ECF No. 15. Viewing this filing, in part, as plaintiff's response to the court's order to show cause, the court declared plaintiff a "vexatious litigant." ECF No. 19 at 3 (filed Aug. 30, 2017). The balance of plaintiff's filing argued the court erred in dismissing this case.

1

| | |
|---|---|
| 1 | *See* ECF No. 14 at 1-18. The Ninth Circuit, recognizing this portion of plaintiff's filing as a |
| 2 | pending motion, held appellate proceedings in abeyance pending this court's resolution of the |
| 3 | motion. ECF No. 18. |
| 4 | The court here construes the pending motion as a motion to reconsider the court's |
| 5 | dismissal order under Federal Rule of Civil Procedure 59(e). *See Am. Ironworks & Erectors, Inc.* |
| 6 | *v. N. Am. Const. Corp.*, 248 F.3d 892, 898 (9th Cir. 2001) (requests for reconsideration filed |
| 7 | within the time period identified in Rule 59(e) are construed as motions under that section). |
| 8 | Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight days of |
| 9 | the entry of the judgment. Although the Rule does not list specific grounds for such a motion, the |
| 10 | Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is |
| 11 | presented with newly discovered evidence, (2) the district court committed clear error or made an |
| 12 | initial decision that was manifestly unjust, or (3) there is an intervening change in controlling |
| 13 | law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citation omitted). The |
| 14 | court has "considerable discretion" when considering such a motion. *Turner v. Burlington N.* |
| 15 | *Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The rule provides "an 'extraordinary |
| 16 | remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" |
| 17 | *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A |
| 18 | party moving for reconsideration should not ask the court "to rethink what the Court has already |
| 19 | thought through" simply because of a disagreement with the result of that thought process. *Above* |
| 20 | *the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). |
| 21 | Here, plaintiff argues the court dismissed her action "without probable or just |
| 22 | cause." ECF No. 14 at 2. Plaintiff's motion largely duplicates her objections to the magistrate |
| 23 | judge's findings and recommendations. *Compare* ECF No. 14 at 6-18, *with* ECF No. 6 at 2-14. |
| 24 | Plaintiff also describes abuses she has suffered and argues the court is attempting to deprive her |
| 25 | of her constitutional rights. ECF No. 14 at 2-5. Yet plaintiff identifies no newly discovered |
| 26 | evidence, intervening changes in the law, or manifest injustice warranting reconsideration. The |
| 27 | court therefore DENIES plaintiff's motion for reconsideration. |
| 28 | ///// |

1 | IT IS SO ORDERED.

2 | DATED: November 7, 2017.

_____
UNITED STATES DISTRICT JUDGE