1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      TANYA GRACE McDANIEL,                          No.  2:15-cv-2627-KJM-EFB PS

12              Plaintiff,

13          v.                                          FINDINGS AND RECOMMENDATIONS

14      UNITED STATES OF AMERICA, et al.,

15              Defendants.

16

17          On August 30, 2017, the court declared plaintiff a "vexatious litigant" as defined under

18   California law and imposed pre-filing restrictions on her.[1]  ECF No. 19.  On appeal, the U.S.

19   Court of Appeals for the Ninth Circuit vacated that order and remanded the case with instructions

20   "to make explicit substantive findings as to the frivolousness or harassing nature of [plaintiff]'s

21   prior filings and . . . to tailor narrowly the pre-filing order to the abuses."  ECF No. 24 at 3.  On

22   August 14, 2018, the district judge referred the matter to the undersigned via minute order.  ECF

23   No. 25.  As discussed below, the court finds that a pre-filing order is not necessary and therefore

24   recommends that no order issue declaring plaintiff a vexatious litigant.

25          District courts have the inherent power "to regulate the activities of abuse litigants by

26   imposing carefully tailored restrictions under the appropriate circumstances."  *De Long v.*

27   _____

[1] The court had previously dismissed plaintiff's complaint without leave to amend and

28   judgment had been duly entered.  ECF Nos. 12, 13.

1

1    *Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (discussing requirements for issuing a pre-filing

2    order under the All Writs Act).  The issuance of a pre-filing order containing such restrictions is

3    "an extreme remedy that should rarely be used."  *Molski v. Evergreen Dynasty Corp*. 500 F.3d

4    1047, 1057 (9th Cir. 2007).  Nonetheless, "[f]lagrant abuse of the judicial process cannot be

5    tolerated because it enables one person to preempt the use of judicial time that properly could be

6    used to consider the meritorious claims of other litigants."  *De Long*, 912 F.2d at 1148.

7         Federal law requires that a court seeking to impose pre-filing restrictions must: (1) give

8    plaintiff adequate notice and an opportunity to oppose entry of a pre-filing order before; (2) the

9    court must present an adequate record for review by listing the case filings that support its order;

10   (3) the court must make substantive findings as to the frivolous or harassing nature of the

11   plaintiff's actions; and (4) the order must be narrowly tailored to fit the specifics of the plaintiff's

12   abuses.  *De Long*, 912 F.2d at 1147-49.

13        Plaintiff previously filed several cases that were dismissed for failure to state a claim or as

14   frivolous. *See McDaniel v. United States Department of Justice*, No. 2:15-cv-1664-JAM-AC

15   (E.D. Cal. Nov. 20, 2015); *McDaniel v. United States of America*, No. 2:15-cv-0937-MCE-KJN-

16   PS (E.D. Cal. Aug. 11, 2015); *McDaniel v. The Secretariat*, No. 2:15-cv-0828-GEB-CKD PS

17   (E.D. Cal. Aug. 19, 2015); *McDaniel v. United States*, No. 2:15-cv-1113-TLN-AC (E.D. Cal.

18   Aug. 18, 2015); *McDaniel v. Powell*, No. 2:13-cv-2653 MCE-AC (E.D. Cal. July 29, 2015).  The

19   court's records reflect, however, that since the dismissal of this action over three years ago,

20   plaintiff has litigated only one other lawsuit in this court, *McDaniel v. United States*, No. 2:18-cv-

21   2306-JAM-DB (which was transferred to this district from the Northern District of California).  In

22   the latter case, plaintiff proceeded pro se and sought leave to proceed in forma pauperis, thereby

23   triggering this court's duty to screen her complaint.  *See* 28 U.S.C. § 1915(e)(2).  Upon screening,

24   the court dismissed the action for failure to state a claim and as frivolous and delusional.  *See*

25   *McDaniel v. United States*, No. 2:18-cv-2306-JAM-DB (E.D. Cal.) (ECF Nos. 15, 17).  Judgment

26   was entered on December 17, 2018, *id.* at ECF No. 18, and plaintiff has not filed in this court

27   since then.

28   /////

2

1    In the event plaintiff files a new action in this court, she must either file an application to

2  proceed in forma pauperis or pay the court's filing fee.  If she seeks leave to proceed in forma

3  pauperis, the court can effectively avoid the unnecessary burdens imposed by a frivolous lawsuit

4  through a screening order.  Conversely, should plaintiff commence an action and pay the required

5  filing fee, other sanctions—include monetary sanctions and/or those available under Rule 11—

6  would be available as needed to deter the filing of any frivolous or harassing pleadings.  *See*

7  *Ringgold-Lockhart*, 761 F.3d 1057, 1065 (9th Cir. 2014) ("Before entering this broad pre-filing

8  order . . . the district court assuredly should have considered whether imposing sanctions such as

9  costs or fees on the Ringgolds would have been an adequate deterrent.").  For these reasons, it

10  does not appear that pre-filing restrictions for filings in this district are necessary.  Plaintiff is

11  cautioned, however, that future frivolous filings in this district may result in summary dismissals

12  without leave to amend, monetary sanctions, and/or the imposition of pre-filing restrictions.

13    Accordingly, it is RECOMMENDED that no pre-filing order or order declaring plaintiff a

14  vexatious litigant be issued.

15    These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

21  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22  DATED:  March 9, 2021.

23  

24  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

25  

26  

27  

28  

3